# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 5/14/2015

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/14/2015 9:53:51 AM

CHRISTOPHER A. PRINE
Clerk

**TO:** 1ST COURT OF APPEALS

**From:** Deputy Clerk: MICHELLE LOPEZ
Chris Daniel, District Clerk
Harris County, T E X A S

**CAUSE:** 2013-67958

**VOLUME** _____ **PAGE** _____ **OR** **IMAGE #** 64185474

**DUE** 6/10/2015 **ATTORNEY** 13570525

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE JUDGMENT SIGNED:** 2/10/2015

**MOTION FOR NEW TRIAL DATE FILED** 3/12/2015

**REQUEST TRANSCRIPT DATE FILED** 5/11/2015

**NOTICE OF APPEAL DATE FILED** 5/11/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED:** YES ☐ NO ☒ **IMAGED FILED:** YES ☒ NO ☐

**CODES FOR NOTICE OF APPEAL:** BC, C, O

CHRIS DANIEL
Harris County, District Clerk

By: /s/ MICHELLE LOPEZ
**MICHELLE LOPEZ, Deputy**

| | |
|---|---|
| BC | NOTICE OF APPEAL FILED |
| BG | NOTICE OF APPEAL FILED – GOVERNMENT |
| C | JUDGMENT BEING APPEALED |
| D | ACCELERATED APPEAL |
| OA | NO CLERK'S RECORD REQUEST FILED |
| O | CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL) |
| NA | AMENDED NOTICE OF APPEAL |

CAUSE NO. 2013-67958

| | | |
|---|---|---|
| DYCK O'NEAL INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NESTOR BILFREDO MENA, | § | |
| | § | |
| **Defendant.** | § | 129th JUDICIAL DISTRICT |

## MENA'S NOTICE OF APPEAL

PLEASE TAKE NOTICE that Nestor Bilfredo Mena, defendant in the above styled and numbered cause, desires to (and does) appeal the Final Judgment signed on February 10, 2015 in Cause No. 2013-67958, styled *Dyck O'Neal Inc. v. Nestor Bilfredo Mena*, in the 129th Judicial District Court of Harris County, Texas.

This is not a "parental termination" or "child protection" case as those terms are defined in Tex. R. App. P. 28.4(a)(2). This is an appeal taken to either the First or Fourteenth Court of Appeals in Houston, Harris County, Texas.

Respectfully submitted,

/s/ David McDougald
David A. McDougald (SBN: 13570525)
4309 Yoakum Blvd., Suite 3000
Houston, Texas 77006
david@davidmcdougaldlaw.com
(713) 522-1177, x325 – telephone
(888) 809-6793 – telecopier

**ATTORNEY FOR MENA**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing notice has been served in accordance with the Texas Rules of Civil Procedure 21 and 21a on this 11th day of May, 2015.

/s/ David McDougald
David A. McDougald

8/28/2014 11:14:30 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2312186
By: ALEX CASARES

CAUSE NO. 2013-67958

| | | |
|---|---|---|
| DYCK-O'NEAL, INC., | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | 129th JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| NESTOR BILFREDO MENA, | § | |
| *Defendant* | § | HARRIS COUNTY, TEXAS |

## FINAL SUMMARY JUDGMENT

BE IT REMEMBERED that on the date set forth below, came on to be heard the Motion of Dyck-O'Neal, Inc. for Summary Judgment in the above-entitled and numbered cause in which Dyck-O'Neal, Inc. is Plaintiff and Nestor Bilfredo Mena is Defendant.

The Plaintiff appeared and announced ready to proceed. Defendant, Nestor Bilfredo Mena, although having been duly served and notified of the hearing, failed to respond to the Motion and did not appear for the hearing.

After having considered the arguments of counsel, the pleadings on file and the evidence presented, the Court is of the opinion that there are no facts in dispute and that judgment should be granted for Plaintiff as a matter of law.

It is accordingly ORDERED, ADJUDGED AND DECREED, that Dyck-O'Neal, Inc., have and recover from Defendant, Nestor Bilfredo Mena, the outstanding balance due upon that certain promissory note described in Plaintiff's Original Petition, as follows:

1. $16,738.86 as the principal balance due on its claim;
2. $12,738.46 as prejudgment interest on its claim as of the date of this Judgment;
3. $2,500.00 as reasonable attorney's fees through final judgment; plus an additional reasonable fee in the amount of $2,500.00 in the event Defendant appeals this

FINAL SUMMARY JUDGMENT -Page 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

matter to the Court of Appeals of Texas and does not prevail; an additional $2,500.00 in the event Defendant makes application for Review to the Supreme Court of Texas and such appeal is denied; and an additional $3,000.00 in the event Petition for Review is granted by the Texas Supreme Court and Defendant does not prevail before the Texas Supreme Court;

4.      All costs of court;

5.      Interest on the total judgment balance at the contract rate of 11.750% per annum from the date of judgment until paid.

IT IS ORDERED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

IT IS FURTHER ORDERED that this judgment fully and finally disposes of all parties and claims in this cause and is appealable. All relief not expressly granted herein is hereby DENIED.

SIGNED this ___10___ day of _February_, 2015.

_____
JUDGE PRESIDING

FILED
Chris Daniel
District Clerk

FEB 10 2015

Time:_____
Harris County, Texas
By_____
Deputy

## CAUSE NO. 2013-67958

| | | |
|---|---|---|
| **DYCK O'NEAL INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NESTOR BILFREDO MENA,** | § | |
| | § | |
| **Defendant.** | § | **129ᵗʰ JUDICIAL DISTRICT** |

## MENA'S MOTION FOR NEW TRIAL

Defendant Nestor Bilfredo Mena ("Mena") files this Motion for New Trial, saying:

### I. Summary of the Argument

1.      Limitations bars the suit on a note brought by plaintiff Dyck O'Neal Inc. ("O'Neal") even if a six-year limitations period is erroneously applied instead of the correct two-year interval.  The undisputed evidence shows the Note was accelerated and therefore due in full more than six years before O'Neal filed suit. Moreover, O'Neal's conclusory claim that it legally owns the Note is not supported by any explanation for the missing indorsement(s) or the whereabouts of the original disclosure statement.

2.      The Court erred in granting O'Neal's summary judgment motion and denying Mena's summary judgment motion.  The Court should set aside the Final Judgment entered in favor of O'Neal and instead grant Mena's cross-motion for summary judgment, or alternatively grant a new trial.

### II. Points of Error

**POINT OF ERROR ONE:** The Trial Court erred in failing to conclude that the Note was accelerated and due in full more than 6 years before the suit, and thus barred by all potentially applicable limitations periods, including the UCC's six-year limitations period.

**POINT OF ERROR TWO:** The Trial Court erred in concluding that O'Neal legally owns the Note when there is no evidence, insufficient evidence, or at the very least a genuine issue of material fact as to the whereabouts and ownership of the original Note.

**POINT OF ERROR THREE:** The Trial Court erred in applying the UCC's 6-year statute of limitations period rather than a shorter period because the Note is not negotiable.

**POINT OF ERROR FOUR:** The Trial Court erred in concluding that there is an unpaid balance of the note due to O'Neal.

**POINT OF ERROR FIVE:** The Trial Court erred in concluding that O'Neal proved entitlement to reasonable and necessary attorney fees in this suit.

**POINT OF ERROR SIX:** The Trial Court erred in failing to grant summary judgment for Mena.

**POINT OF ERROR SEVEN:** The Trial Court erred in granting summary judgment for O'Neal.

### III.  New Trial or Judgment Must Be Granted

3.    "New trials may be granted and judgment set aside for good cause …" Tex. R. Civ. P. 320.  "New trials may be granted when damages are manifestly … too large." *Id*.

### IV.  O'Neal is Barred by Any Limitations Period

#### a.  O'Neal's Claim Accrued More Than Six Years Before Suit

4.    O'Neal's own summary judgment evidence shows that the Note was accelerated and due in full August 1, 2007, more than six years before suit was filed November 11, 2013. See page 11 of Exhibit A-3 to Plaintiff's Motion for Summary Judgment, showing the August 1, 2007 acceleration date.  The Court is respectfully requested to take judicial notice of this suit's November 11, 2013 filing date. See Tex. R. Evid. 201(d).

5.      Mena's Motion for Final Summary Judgment brings this acceleration date to the Court's attention (at paragraph 6(c)) **without any dispute from O'Neal**.  Plaintiff's Response to Defendant's Motion for No Evidence Summary Judgment fails to claim (much less identify any evidence tending to show) that the Note was not accelerated at that time, or that the August 1, 2007 acceleration was ever abandoned or rescinded.

6.      Precisely because this acceleration date is undisputed, O'Neal's suit is barred by limitations as a matter of law.  This is the result even if we incorrectly apply the six-year limitations statute as argued by O'Neal, or if we correctly apply the two-year limitations statute for suits to collect a deficiency after foreclosure.  Compare Tex. Prop. Code § 51.003(a) and Tex. Bus. and Comm. Code § 3.118(a).

### b. The Six Year Limitations Period Only Applies to Negotiable Instruments

7.      It is undisputed that the Note incorporates the terms of a disclosure statement, another document which is not merely providing security.  See Exhibit A-1 to Plaintiff's Motion for Summary Judgment, at page 1 paragraph 2 and at page 4, paragraph 15.  See also  Exhibit A-2 to Plaintiff's Motion for Summary Judgment, purporting to be (or contain) a copy of the incorporated disclosure statement, and manifestly NOT providing security for the Note.   As a matter of law, the Note is therefore NOT a negotiable instrument.  *FFP Marketing Co., Inc. v. Long Lane Master Trust IV*, 169 S.W.3d 402, 408-09 (Tex. App. – Fort Worth 2005, no pet.); Tex. Bus. and Comm. Code §§ 3.104(a) and 3.106(a).

8.      Because the Note is not a negotiable instrument, this also means the UCC's six-year limitations statute for a "note" does not apply.  See Tex. Bus. and Comm. Code § 3.118 (providing six-year limitations period for a "note") and § 3.104(a),(b) and (e) (defining "note" to mean "negotiable instrument").   Rather, the undisputed evidence shows the correct limitations

period is two years rather than six because the Note was secured by real property which was foreclosed. Tex. Prop. Code § 51.003(a).

### V. O'Neal Failed to Provide Competent Evidence it Owns the Note

9.      Because O'Neal waited more than six years to file this lawsuit, Mena no longer has his own records regarding this transaction. If O'Neal's claims are not barred by limitations (and they are) then at the very least, O'Neal must be held strictly to the applicable rules of evidence.

10.     Because the Note is not a negotiable instrument, O'Neal can only enforce the Note by proving O'Neal is the Note's legal owner – mere possession of the original Note is not enough. *FFP Marketing* at 409. Due to the gap in indorsements, the Note itself fails to show that O'Neal owns the Note.

11.     O'Neal makes no effort to explain this gap in indorsements, relying instead on the conclusory assertion of ownership by O'Neal's interested witness. A mere conclusory assertion, unsupported by specific facts, is no summary judgment evidence at all. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

12.     Indeed, when the summary judgment affidavit of an interested witness is inconsistent with the records attached to that affidavit, the affidavit fails to meet the requirement that the affidavit must be "free from contradictions and inconsistencies." Tex. R. Civ. P. 166a(c); *FFP Marketing* at 410-411. Like the affiant in *FFP*, the witness here fails to even address the inconsistency, and thus the affidavit's conclusory claim of ownership is no evidence at all. *Id.*; *Brownlee*, supra.

13.     Even if mere possession of the original Note were sufficient (and it is not), Mena is still entitled to summary judgment because O'Neal failed to provide any evidence that it has

the original disclosure statement incorporated into the Note. Without the original disclosure statement, O'Neal does not have the complete original Note.

## VI. O'Neal's Evidence Did Not Support Damages or Attorney Fees

14.     In addition to O'Neal's failure to establish legal ownership of the Note, O'Neal has failed to provide competent summary judgment evidence in support of its claim that there is an unpaid balance of the Note, that any unpaid balance is due to O'Neal, or that O'Neal actually incurred any attorney fees in this suit.

15.     It is error to base judgment on an affidavit claiming personal knowledge without any showing as to how that personal knowledge was allegedly obtained. *Villareal v. State*, 826 S.W.2d 621 (Tex. App. – Houston [14th Dist.] 1992, writ ref'd). Absent that showing, there is no admissible evidence before the Court to establish: (1) the records obtained from prior loan servicers were made by persons with knowledge at or near the time of the events recorded; (2) Radian owned the Note with authority to convey the Note to O'Neal; (3) the Disclosure Statement provided to the Court is a true and correct copy of the original Disclosure Statement O'Neal does not claim to have; and/or (4) all offsets, payments and credits have been applied to principal and interest calculations based on numbers from a prior loan servicer.

16.     Furthermore, O'Neal fails to describe the terms under which O'Neal allegedly retained counsel, or otherwise show what O'Neal's counsel actually did for those fees. The applicant for fees based on the "lodestar" method (hours multiplied by hourly rates) must provide the trial court "at a minimum, documentation of the services performed, who performed them, and at what hourly rate, when they were performed, and how much time the work required." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012).

17.    It is error to grant final judgment for O'Neal in the face of the undisputed limitations bar and the deficiencies in O'Neal's evidence.

WHEREFORE, Mena respectfully requests that the February 10, 2015 final judgment be set aside and that summary judgment be granted in favor of Mena, or that a new trial be granted to the extent necessary, and that following any necessary new trial judgment be entered holding that O'Neal take nothing, and that Mena recover all costs of Court from O'Neal.  Mena further requests all additional relief to which he may be entitled.

Respectfully submitted,


/s/ David McDougald
David A. McDougald (SBN: 13570525)
4309 Yoakum Blvd., Suite 3000
Houston, Texas 77006
david@davidmcdougaldlaw.com
(713) 522-1177, x325 – telephone
(888) 809-6793 – telecopier

**ATTORNEY FOR MENA**

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing motion has been served in accordance with the Texas Rules of Civil Procedure 21 and 21a on this 12th day of March, 2015.


/s/ David McDougald
David A. McDougald

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM      MAY 14, 2015(C1)
INT6510                 CIVIL CASE INTAKE               OPT: _____  -  INT
                    GENERAL PARTY INQUIRY               PAGE:   1  -    1

CASE NUM: 201367958__ PJN> __  TRANS NUM: _____ CURRENT COURT: 129 PUB? _
CASE TYPE: DEBT                        CASE STATUS: DISPOSED (FINAL)
STYLE: DYCK O'NEAL INC                 VS MENA, NESTOR BILFREDO
==============================================================================
                        **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME           PTY    ASSOC. ATTY
  NUM    NUMBER                                         STAT
_     00002-0001 DEF 13570525 MENA, NESTOR BILFREDO         MCDOUGALD, DA
_     00001-0001 PLT 18096800 DYCK O'NEAL INC               SHANNON, EMER




==> (2) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY    4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD      9=PTY. ADDR.  10=REFRESH   11=HELP
```